

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andre Royal,

                Plaintiff,

    –v–

Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, *et al.*,

                Defendants.

19-cv-5164 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Andre Royal brought suit against several defendants including the National Football League Management Council alleging violations of disclosure requirements under § 102(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, 841, 29 U.S.C. § 1022(a). The Management Council moved to dismiss. Rather than responding to the Management Council's motion, Royal voluntarily dismissed his claims against it. The Management Council now seeks attorneys' fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

    The Court denies the motion for two independent—and independently sufficient— reasons. First, the Management Council has not established "some degree of success on the merits" as required for a fee award under ERISA. *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 152 (2d Cir. 2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)). Second, even assuming ERISA allowed the Court to award fees here, the Court would decline to exercise its discretion to do so.

**I.      Background**

Royal, a former professional football player, brought this ERISA suit against the Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan and several of its members (collectively, "the Board"), the National Football League Management Council, and the National Football League Players Association in June 2019.  He alleged that the Board (as plan administrator) failed to provide him with a written summary of his retirement plan in connection with his application for retirement benefits in 2000, and that the Board, the Management Council, and the Players Association (as plan fiduciaries) breached their fiduciary obligations to him for essentially the same reason.  Amended Complaint ("FAC"), Dkt. No. 15, ¶¶ 51–98.  He further alleged that the Management Council and the Players Association breached their fiduciary duty to him by failing to monitor the Board's activities.

Each of the defendants moved to dismiss.  The Management Council's motion contended that Royal had failed to allege that it was a de facto fiduciary of the plan and that, in any event, it did not breach any fiduciary duty.  Royal did not oppose the Management Council's and Players Association's motions within the time provided by the Court's Local Rules, and the Court directed Royal to file any opposition by November 1, 2019, or it would deem the motion fully briefed.  *See* Dkt. No. 47.  On that date, Royal instead voluntarily dismissed his claims against the Management Council and the Players Association without prejudice.  *See* Dkt. No. 50.  Royal opposed the Board's motion to dismiss.  After full briefing, the Court granted that motion and dismissed Royal's claims against the Board with prejudice as time-barred.

The Management Council moved for a discretionary award of attorneys' fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).  The Management Council contends that Royal should have known his claim was meritless because, after Royal filed suit but before he served

2

the Management Council, Magistrate Judge Lehrburger issued a report and recommendation holding that the Management Council was not liable as a fiduciary in a similar case brought by a different plaintiff, *Hudson v. Nat'l Football League Mgmt. Council*, No. 18-cv-4483 (GHW) (RWL), 2019 WL 5722220 (S.D.N.Y. Sept. 5, 2019). The Management Council further contends that Royal's copying of the complaint in that case suggests culpability or bad faith.

**II.     Discussion**

Under § 502(g)(1) of ERISA, a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Supreme Court has interpreted § 502(g)(1) to allow district courts wide discretion to award fees once a party has achieved "some degree of success on the merits," disapproving more rigid prevailing-party tests and mandatory multi-factor tests. *See Hardt*, 560 U.S. at 254–55; *see also Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (acknowledging that under *Hardt*, a district court's discretion is not constrained by the multi-factor test previously adopted by the Second Circuit). The Court finds that the Management Council has not established some degree of success on the merits as required for a fee award, and in any case would not exercise its discretion to award fees.

    **A.     The Management Council Has Not Established Some Degree of Success on the Merits**

Unlike many fee-shifting statutes, § 502(g)(1) does not require that a party be the "prevailing party" for a court to award fees. *Hardt*, 560 U.S. at 253–54. Instead, a party must achieve "some degree of success on the merits." *Id.* at 255. Some degree of success on the merits does not require a favorable merits judgment on all claims; however, a party seeking fees must achieve more than "trivial success" on some issue or a "purely procedural victor[y]." *Id.* (alteration in original) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)).

In *Scarangella v. Group Health, Inc.*, 731 F.3d 146 (2d Cir. 2013), the Second Circuit discussed the circumstances in which an out-of-court settlement or voluntary dismissal could amount to some degree of success on the merits for purposes of ERISA's fee-shifting provision. There, the district court granted summary judgment on one of Group Health's cross-claims against Village Fuel in an order that expressed "skepticism of [Group Health's] ability to recover . . . under any legal theory." *Id.* at 153. Group Health voluntarily dismissed its remaining cross-claims with prejudice following a settlement with the plaintiff. *Id.* The Court held that fees might be available if "the dismissals were spurred by the summary judgment order that was skeptical of [the] remaining claims" and remanded to the district court to make that determination in the first instance. *Id.* at 156.

In reaching this result, the Second Circuit distinguished between "a party that obtains relief due to the voluntary conduct of another party after minimal litigation" and one who "demonstrat[es] that the impetus for the relief was some action by the court related to the merits of the case." *Id.* at 155. That is, a party has achieved some degree of success on the merits if it can "show that the court's discussion of the pending claims resulted in the party obtaining relief." *Id.* It is not enough that a party obtains a voluntary dismissal and that it believes that it would have prevailed on the merits. The party must establish a link between some judicial action related to the merits of the case—even if partial or tentative—and the relief it obtained.[1]

Under the standard laid out in *Hardt* and *Scarangella*, the Management Council has not achieved some degree of success on the merits. Royal dismissed his complaint "after minimal litigation" without a word from the Court on the merits of his claims. *Scarangella*, 731 F.3d at

---

[1] It remains an open question whether affirmative relief ordered by the court, such as remand to the plan administrator, may amount to some degree of success on the merits even if not occasioned by any ruling related to the merits of the case. *See Hardt*, 560 U.S. at 256; *Scarangella*, 731 F.3d at 155.

155.  It is not enough that the Management Council believes the Court would have granted its motion to dismiss, because it cannot show that the impetus for the voluntary dismissal was some court action related to the merits.  This case is far different from *Scarangella*, where the court had already granted summary judgment on one claim in an order that cast considerable doubt on the others.  Moreover, unlike in *Scarangella*, Royal dismissed his claims without prejudice, not with it.  The Court therefore finds that a fee award is not available under ERISA's fee-shifting provision.

> **B.     The Court Declines to Exercise its Discretion to Award Attorneys' Fees**

The Court would also decline to exercise its discretion to award fees to the Management Council even if § 502(g)(1) allowed it to do so.

The Second Circuit has set out five factors to guide a district court in the exercise of its discretion under § 502(g)(1): "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants."  *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).  After *Hardt*, a district court need not apply the *Chambless* factors; however, it may still use those factors to structure its analysis.  *Toussaint*, 648 F.3d at 110.  District courts exercise their discretion under § 502(g)(1) to effectuate ERISA's central purpose: "to protect beneficiaries of employee benefit plans."  *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009); *see also Chambless*, 815 F.2d at 872 (courts apply ERISA's fee-shifting provision "to protect the statutory purpose of vindicating retirement rights").

"Although the *Chambless* test applies to both plaintiffs and defendants in ERISA actions, courts have cautioned that the five factors 'very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (quoting *West v. Greyhound Corp.*, 813 F.2d 951, 956 (9th Cir. 1987)).  This is because deterrence of good-faith suits, even unmeritorious ones, generally does not effectuate ERISA's essential remedial purpose.  *Id.*  Courts therefore view "culpability" very narrowly when evaluating fee requests by defendants in an ERISA suit.  *Id.*  While a losing defendant has violated ERISA and denied a plan beneficiary their rights under a pension plan, a losing plaintiff has simply failed to prove their case.

Applying these principles and the *Chambless* factors, the Court finds that a fee award would not further ERISA's purposes and would be inappropriate.  The first, third, and fifth *Chambless* factors are most instructive here.  The Court does not view Royal as culpable even though he dismissed his claims against the Management Council.  Nor does the Court view it as significant that Royal drew heavily on a complaint filed by another plaintiff.  He filed his suit before Judge Lehrburger's report and recommendation in *Hudson*, and even a final judgment in that case would not have precluded Royal's claims.  The Court has concerns about over-deterring claims by ERISA beneficiaries—even those ultimately found to be without merit.  Finally, the fifth *Chambless* factor suggests that a fee award in favor of a defendant in an ERISA suit will most often be appropriate when the defendant protects interests of other plan beneficiaries; for example, when a plaintiff seeks to shift benefits from one group of beneficiaries to another, or when a plaintiff's suit threatens the plan's financial solvency.  Here, Royal only sought redress for an alleged failure to provide SPDs to plan beneficiaries.  If his suit had been successful, it in no way would have harmed other plan participants.

Because the *Chambless* factors do not favor an award of fees and a fee award would not further ERISA's remedial purposes, the Court declines to exercise its discretion to award the Management Council fees.

## Conclusion

For the foregoing reasons, the Management Council's motion for attorneys' fees (Dkt. No. 51) is DENIED.

SO ORDERED.

Dated: November 20, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge